UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

MICHAEL VITCAVICH,

    Plaintiff,

vs.

VITAS HEALTHCARE CORPORATION,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, MICHAEL VITCAVICH, by and through undersigned counsel, sues the Defendant, VITAS HEALTHCARE CORPORATION, (hereinafter, "Company"), and alleges as follows:

1. Plaintiff, a former employee of the Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

8. Defendant has been at all times material engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

9. The Plaintiff was hired as a non-exempt employee by the Defendant in 2017, and began working out of Defendant's West Palm Beach location in October of 2020 as a Chaplain.

10. During his employment, the Defendant however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

11. Plaintiff estimates working between 55 and 60 hours per week, yet was not paid any overtime compensation for the hours he worked in excess of 40 hours each workweek.

12. This occurred until the end of Plaintiff's employment on August 12, 2022.

13. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

14. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - OVERTIME

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

15.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16.     By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Respectfully submitted on November 2, 2023.

> Law Offices of Levy & Levy, P.A.
> 2844 North University Drive
> Coral Springs, Florida 33065
> Telephone: (954) 763-5722
> Facsimile:  (954) 763-5723
> Service Email: assistant@levylevylaw.com
> *Counsel for Plaintiff*
>
> *s/Chad Levy*
> CHAD E. LEVY, ESQ.
> F.B.N.: 0851701
> chad@levylevylaw.com
> HARRIS NIZEL, ESQ.
> F.B.N.: 0807931
> harris@levylevylaw.com